[Civ. No. 7407. First Appellate District, Division Two.—May 12, 1931.]

AUGUSTIN DONOVAN, Respondent, v. ZOE EMELINE ROOT et al., Appellants.

Norman J. Ronald and H. H. McPike for Appellants.

Snook & Snook & Chase and James R. Agee for Respondent.

STURTEVANT, J.—The plaintiff as an attorney at law commenced an action against the defendants to recover a

judgment for services rendered. He pleaded his claim in the form of a common count. The defendants answered and a trial was had before the trial court sitting without a jury. The court made findings in favor of the plaintiff and from the judgment entered thereon the defendants have appealed and have brought up typewritten transcripts. The defendants make the contention that the judgment for $10,000 is excessive. That claim involves the following facts: The defendants were the owners of a large number of parcels of real estate and also of an automobile. Taking the values as estimated by the defendants said properties were of a value of over $500,000. The automobile was not paid for and under their contract they owed $1900 on it and were in default in their payments. On the parcels of real estate the defendants had executed encumbrances in such sums and on such of their properties that no one parcel was free and clear and the aggregate encumbrances on the real estate amounted to over $185,000 and each encumbrance was either past due or the defendants were in default as to their interest. On one piece of property the taxes were delinquent and the defendants owed in taxes and penalties $1200. Some of the properties were owned in common with a niece and that niece had commenced partition proceedings against the defendants. In addition to that litigation the defendants were involved in several other pieces of litigation. They retained the plaintiff as their attorney to take charge of their affairs. Thereafter he proceeded to represent the defendants in the pieces of litigation that were pending and those matters have each and all been settled.

During the same period of time the plaintiff undertook to get each encumbrance renewed or to get it extended for the defendants to act. Failing in any of those attempts he then tried to get others to take over each encumbrance. And, failing in that effort also, he attempted to refund the indebtedness of the defendants by negotiating a transfer to be made on such terms that each of the defendants would receive an annuity during her life. ▪ The evidence introduced by the plaintiff was to the effect that the plaintiff so acted in negotiating said transfer and obtaining said annuity at the special instance and request of the defendants. But the evidence of the defendants was to the effect

that they not only did not authorize the plaintiff to negotiate a transfer and obtain an annuity, but that the plaintiff acted in said matter against the directions of the defendants. The trial court made a finding on the subject in favor of the plaintiff, and, under well-established rules, this court may not disturb that finding. Although the plaintiff put in a great deal of work in attempting to negotiate the transfer and obtain the annuity, he failed to consummate the transaction because the defendants refused to perform.

In putting in his proof the plaintiff called three prominent members of the Alameda County bar and, having qualified them as experts on the value of services of an attorney at law, he propounded to each a hypothetical question. It contained over 280 folios. It treated all of the services so rendered by the plaintiff as an entity. No objection to the question was made. Each witness answered that the services so described in the question were of a value of $10,000 or more. On cross-examination the attorney for the defendants broke the subject matter into separate items. Each piece of litigation was taken up separately and each witness was asked to express an opinion as to the value of the services so rendered by the plaintiff in that specific piece of litigation. Each witness did so and all of the witnesses agreed that the aggregate value of all the services so rendered in the several items of litigation amounted to $2,000. Having called attention to these several items of evidence the defendants claim that the evidence shows that the judgment should have been for $2,000 and not for $10,-000. Regarding the handling of the encumbrances, the attempt to refund, etc., the defendants argue that such services were in the nature of services of a real estate broker and the sales not having been made, and the loans not having been obtained, then and in that event the plaintiff was entitled to nothing for services so rendered. We think these contentions may not be sustained. In the first place, no objection was made to the hypothetical question. If it had been made the record might have been somewhat different, but still the result might have been the same. Each of the expert witnesses under cross-examination frequently stated that the affairs of the defendants as shown by the hypothetical question were so involved that nearly each and every step taken by the plaintiff was interrelated with nearly every

other important right of the defendants which was in the care and keeping of the plaintiff. True it is that a naked power to sell a piece of real estate or obtain a loan thereon is ordinarily a piece of brokerage business whether the business is taken over by an attorney at law, any other professional man, a layman, or a real estate broker. In the instant case no naked power of that kind was involved. On the other hand, each parcel of real estate and the contract of purchase of the automobile presented many features of so many mortgage foreclosure suits. Each and all of the facts were gone into during a trial that took a long time to try and which is portrayed in a transcript of nearly three hundred pages. As several of the witnesses stated, the value of the services in many instances depended on the results accomplished. No doubt the trial court took all of those matters into consideration. We will concede that $10,000 is a large sum, but it is not so large that this court may say under the facts that at first blush said amount is excessive. Under the settled rule governing this attack this court is not at liberty to disturb the amount of the judgment.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 11, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1931.